W. B. and J. L. CHAFFIN, Ex'rs, etc., v. R. H. ROSE.

EXECUTION. *Stayor.* The stayor may pay off the judgment, and have his motion against the principal debtor, or he may, upon his affidavit that if execution is stayed longer he fears he may be obliged to pay the debt, have execution issued at any time. But he has no authority to control the judgment, or direct the issuance of execution thereon, without the assent of the plaintiff, except in the mode prescribed by statute, and should the plaintiff order an execution so issued to be returned unsatisfied, it will not impair the liability of the stayor.

Cases cited: *Sharp* v. *Fagan*, 3 Sneed, 542; *Grimes* v. *Nolen*, 3 Hum., 412. Code cited: Secs. 3067, 3063.

FROM LAWRENCE.

Appeal from Circuit Court. WM. P. MARTIN, J.

MATTHEWS & DEAVENPORT for plaintiff.

No brief for defendant.

DEADERICK, J., delivered the opinion of the court.

Rose stayed two judgments in favor of plaintiff's testator against Moore, in 1860, before a justice of the peace of Lawrence county, and at his instance executions were issued thereon in 1861.

The plaintiff, on learning that the executions had been issued at the instance of the stayor, directed the sheriff to return them unsatisfied, remarking, as testified by the sheriff, that he would look to Moore for the debt, and would rather lose it than harrass a Confederate soldier. W. B. Chaffin testifies that Rose agreed to the return of the executions.

Moore was then solvent, and was insolvent after the war, when the causes were revived in favor of the executors, and executions awarded.

Rose appealed to the Circuit Court, where judgment was rendered against plaintiffs, and they appealed to this court.

The court charged the jury that mere delay to issue an execution would not release the surety or stayor, unless the contract for delay was founded upon a consideration which could be enforced, and added, if the jury believed that the stayor, for his indemnity, had the execution issued, and the money could have been made off the principal defendant, and the plaintiff directed its return without the knowledge or consent of the stayor, and the principal debtor thereafter became insolvent, then the stayor would be discharged, as it would be a fraud on the stayor.

This latter part of the charge is erroneous. The cases are uniform; that a mere agreement to suspend

the issuance of execution will not release the stayor. 3 Sneed, 542; 3 Hum., 412.

The stayor may pay off the judgment, and have his motion against the principal debtor; or he may, upon his affidavit that if execution is stayed longer he fears he may be obliged to pay the debt, have execution issued at any time. Code, secs. 3067, 3063. But he has no authority to control the judgment, or direct the issuance of execution thereon, without the assent of plaintiff, except in the mode prescribed by statute.

These are the two modes of protecting himself at law against probable loss. If the plaintiff may refrain from issuing execution, unless required thereto, in a legal manner, he may direct its return after it has been issued without his authority or direction.

Let the judgment be reversed, and a new trial be had.